HPS-129  (August 2006)                              August 31, 2006
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **05-2827**

MODESTO VARGAS-COLLADO

v.

JAMES SHERMAN, Warden, Federal Correctional Institution, McKean
         (W.D. Pa. Civ. No. 05-cv-18E)

Present:            SCIRICA, <u>Chief Judge</u>, WEIS and GARTH, <u>Circuit Judges</u>

                    Submitted are:

                    (1)    By the Clerk for possible summary affirmance; and

                    (2)    Petitioner's summary affirmance response

                    in the above-captioned case.

                                    Respectfully,

                                    Clerk

MMW/BNB/ghb
_____ORDER_____

"[T]he exercise of judicial power depends upon the existence of a case or controversy."
<u>Chong v. District Dir., INS</u>, 264 F.3d 378, 383 (3d Cir. 2001).  An action becomes moot
when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest
in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted).
A court's ability to grant effective relief lies at the heart of the mootness doctrine.  <u>See</u> County
of Morris v. Nationalist Mvmt.</u>, 273 F.3d 527 533 (3d Cir. 2001).  The Petitioner challenged
the Bureau of Prisons' ("BOP") calculation of good conduct time, seeking as relief the award
of more days of good conduct time, which would reduce his terms of imprisonment.
According to the BOP's Inmate Locator, the Petitioner has since been released from
incarceration.  We are thus unable to fashion any meaningful relief.  Accordingly, the appeal
is dismissed as moot.

                                    By the Court,

                                    /s/ Leonard I. Garth
                                    Circuit Judge

Dated: September 14, 2006

**A True Copy:**

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

nmb/cc:      Michael L. Ivory, Esq.
                Thomas W. Patton, Esq.